FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 01, 2010
P.M.
TIME A.M.
DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FERNANDO VEGA,

           Petitioner,

-against-

JOSEPH F. BELLNIER,

           Respondent.
-----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**

10-CV-4202 (KAM)

MATSUMOTO, United States District Judge:

      Petitioner Fernando Vega ("petitioner"), appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1, Pet. for Writ of Habeas Corpus ("Pet.").) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial review of this petition and, for the reasons set forth below, determines that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court grants petitioner's application for *in forma pauperis* status and directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

      On October 4, 2006, petitioner was convicted in the Supreme Court of the State of New York, Queens County, of criminal possession of a controlled substance in the third and seventh degrees[1] and was sentenced to nine years imprisonment. (*See* Pet. ¶¶ 1-5.) On November 12, 2008, the Appellate Division, Second Department, affirmed the conviction. (Pet.

---

[1] Although petitioner indicates that he was convicted of possession of a controlled substance in both the third and the seventh degrees (Pet. ¶ 4), the decision by the Appellate Division, Second Department, indicates that the petitioner was only convicted of criminal possession of a controlled substance in the third degree. *See People v. Vega*, 56 A.D.3d 578, 579, 871 N.Y.S.2d 146, 147 (2d Dep't 2008).

¶ 9(a)-(d)); *People v. Vega*, 56 A.D.3d 578, 871 N.Y.S.2d 146 (2d Dep't 2008). The New York Court of Appeals denied leave to appeal on February 4, 2009, (Pet. ¶ 9(e)); *People v. Vega*, 12 N.Y.3d 763, 904 N.E.2d 851, 876 N.Y.S.2d 714 (2009) (Table), and, upon reconsideration, the New York Court of Appeals again denied leave to appeal on April 14, 2009.[2] *People v. Vega*, 12 N.Y.3d 822, 908 N.E.2d 938, 881 N.Y.S.2d 30 (2009) (Table). Petitioner did not file a writ of certiorari to the United States Supreme Court. (*See* Pet. ¶ 9(f).)

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Although petitioner does not indicate in his petition that he moved before the New York Court of Appeals for reconsideration of its denial of leave to appeal, the court takes judicial notice that the New York Court of Appeals denied this motion on April 14, 2009. *People v. Vega*, 12 N.Y.3d 822, 908 N.E.2d 938, 881 N.Y.S.2d 30 (2009) (Table).

2

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[3] the instant petition appears untimely. Petitioner's conviction became final either on or about May 5, 2009, 90 days after the New York Court of Appeals denied leave to appeal on February 4, 2009, or, if petitioner's motion for reconsideration was timely filed under state law, on or about July 13, 2009, 90 days after the New York Court of Appeals denied petitioner's motion to reconsider its denial of leave to appeal on April 14, 2009.[4] *See Mathieu v. Giambruno*, No. 05-CV-8098, 2008 WL 383509, at *9, 12 (S.D.N.Y. Feb. 11, 2008) (finding petitioner's conviction became final, commencing the one-year federal habeas limitations period, 90 days after the New York Court of Appeals denied, upon reconsideration, his request for leave to appeal); *Mateos v. West*, 357 F. Supp. 2d 572, 575 (E.D.N.Y.2005) (same); *see also Saunders v. Senkowski*, 587 F.3d 543, 547-48 (2d Cir. 2009) (stating that a petitioner's limitations period begins running upon the expiration of the 90-day period for seeking a writ of certiorari); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001) (same). Accordingly, in order to be timely, this petition should have been filed in federal court either on or before May 5, 2010 or, if the petitioner's motion for reconsideration was timely filed, on or before July 13, 2010. Instead, this petition, dated September 1, 2010, was filed months after the one-year limitations period had already expired. (*See* Pet. at pp. 1, 7); *see, e.g., Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (applying prison mailbox rule to federal habeas corpus petitions). Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

---

[3] Petitioner does not state any facts to conclude that subsections (B)-(D) of 28 U.S.C. § 2244(d)(1) are applicable.

[4] In denying the motion for reconsideration, the New York Court of Appeals did not indicate whether the motion was timely filed, and the instant petition does not include the date on which petitioner moved for reconsideration of the denial of leave to appeal. However, even assuming that the motion for reconsideration was timely filed under state law, the instant petition is still untimely.

I. Tolling

   *A. Statutory Tolling*

In calculating the one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. *Smith v. McGinnis*, 208 F.3d 13, 16-17 (2d Cir. 2000) (*per curiam*). Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Id.* "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

Here, petitioner filed a writ of *error coram nobis* with the Second Department (*see* Pet. ¶ 11), but he does not indicate in his petition the date on which he filed his application for a writ of *error coram nobis* with the Second Department, the date on which the writ was denied, whether he appealed the denial of the writ to the New York Court of Appeals, and, if so, the date he filed the appeal and the date it was decided. (*See id.*) Nonetheless, the court takes judicial notice that the Second Department denied petitioner's *error coram nobis* on February 23, 2010, *People v. Vega*, 70 A.D.3d 1057, 894 N.Y.S.2d 761 (2d Dep't 2010), and that the New York Court of Appeals denied petitioner leave to appeal that decision on June 18, 2010. *People v. Vega*, 15 N.Y.3d 758, 933 N.E.2d 230, 906 N.Y.S.2d 831 (2010) (Table). In order to determine whether statutory tolling would render this petition timely-filed, petitioner must

provide the court with the date he filed the writ of *error coram nobis* with the state court and the date on which he appealed the denial of the writ of *error coram nobis*.

B. *Equitable Tolling*

Moreover, the limitations period may be equitably tolled. *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (June 14, 2010); *Smith*, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll."). Petitioner does not make any arguments suggesting that equitable tolling should apply to this petition.

## CONCLUSION

Accordingly, the court directs petitioner to show cause by written affirmation,[5] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). The affirmation should include: (1) the date on which petitioner moved before the New York Court of Appeals for reconsideration of its denial of leave to appeal; (2) the date on which petitioner filed the writ of *error coram nobis* petition in the Appellate Division, Second Department; (3) the date on which petitioner moved for leave to appeal the denial of the writ of *error coram nobis* to the New York Court of Appeals; and (4) if applicable, any facts which would support equitable tolling of the period of limitations. Petitioner should include supporting documentation, where possible.

---

[5] An affirmation form is attached to this order for petitioner's convenience.

5

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and to make a notation of the service in the docket.

**SO ORDERED.**

_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
October 29, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

FERNANDO VEGA,

                Petitioner,   **PETITIONER'S AFFIRMATION**

  -against-

                10-CV-4202 (KAM)

JOSEPH F. BELLNIER,

                Respondent.
───────────────────────────────X

    FERNANDO VEGA, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the court's Order dated October 29, 2010. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

     In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                                                _____
                                                Signature & Identification Number

                                                _____
                                                Address

                                                _____

                                                _____
                                                City, State & Zip Code