UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x    NOT FOR PUBLICATION
FERNANDO VEGA,

                Petitioner,    **ORDER**

   -against-
                                                    10-CV-4202 (KAM)

JOSEPH F. BELLNIER,

                Respondent.
----------------------------------------------------------------x
MATSUMOTO, United States District Judge:

        Before this court is *pro se* petitioner Fernando Vega's ("Mr. Vega" or "petitioner") request to voluntarily withdraw his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (the "petition"). (ECF No. 3, Petr.'s 12/3/10 Affirmation; ECF No. 4, Petr.'s 12/3/10 Letter; *see also* ECF No. 1, Pet. for Writ of Habeas Corpus ("Pet.").) For the reasons that follow, the court directs the respondent to provide petitioner with his legal papers within 30 days of this Order, and directs petitioner to file an affirmation explaining whether he still seeks to withdraw this petition within 60 days of this Order.

## BACKGROUND

        By Memorandum and Order dated October 29, 2010, the court directed petitioner to show cause, within 30 days, why his petition should not be dismissed as time-barred. (ECF No. 2, Mem. and Order at 1, 6.) In response, on December 3, 2010, petitioner filed an affirmation and a letter, indicating that he wished to withdraw his petition. (*See generally* Petr.'s 12/3/10 Affirmation at 1; Petr.'s 12/3/10 Letter.) Specifically, petitioner stated in his Affirmation:

> I wish to just decline to submit a Fed. Habeas Corpus. On 10-10-10 I was sent to the 'Box' for disciplinary reasons and when I was released, 30 days later, I was transferred to another facility from the 'Box' and all of my active legal papers

were all missing! I have no copies, no way of getting any of my legal documents so I can't proceed with my Fed Habeas Corpus.

(Petr.'s 12/3/10 Affirmation.) In a separate letter dated December 3, 2010, petitioner stated, "I'm respectfully withdrawing my civil case because I will not be able to proceed with my Federal Habeas Corpus in an attempt to exhaust my 'direct appeal remedies.' I lost all my legal papers during a transfer and so I don't have any copies of my Civil Case.[1]" (Petr.'s 12/3/10 Letter.)

## DISCUSSION

Petitioner's December 3, 2010 affirmation and letter indicate that he seeks to voluntarily withdraw his petition because he does not have access to his legal papers and, possibly, because he wishes to exhaust his "direct appeal remedies." (*See generally* Petr.'s 12/3/10 Affirmation; Petr.'s 12/3/10 Letter.)

### A. Loss of Legal Papers

At the time petitioner filed this petition, he was incarcerated at the Marcy Correctional Facility. (*See* Pet. at 1.) However, petitioner is now incarcerated at the Riverview

---

[1] Mr. Vega's December 3, 2010 letter contains the caption "Civil Case – Vega v. New York City Police Officers, Queens County," but does not contain a docket number. (Petr.'s 12/3/10 Letter.) In the text of the letter, Mr. Vega indicates that he does not "know the civil number to [his] case" but was "sure [the Clerk of the Court will] find it." (*Id.*) Accordingly, the letter was originally filed in Mr. Vega's case, captioned *Vega v. Police Commissioner of NYPD Raymond Kelly, et. al*, docket number 08-CV-3804, in which Mr Vega alleges he was subject to unreasonable search and seizure and false arrest and imprisonment. The court takes judicial notice that, on August 19, 2009, this court dismissed docket number 08-CV-3804 without prejudice, pursuant to Mr. Vega's request to dismiss the action so that he could challenge his conviction by filing a petition for habeas corpus in federal court and by filing a writ of *error coram nobis* in state court. (Docket No. 08-CV-3804, 8/19/09 Minute Entry; Docket No. 08-CV-3804, 8/19/09 Order Dismissing Case; Docket No. 08-CV-380, ECF No. 47, 8/19/09 Letter.) Because the court does not know whether Mr. Vega intended his December 3, 2010 letter to be filed in the instant case or in docket number 08-CV-3804, the letter is docketed in both cases and addressed herein.

Correctional Facility and he asserts, as a basis for withdrawing this petition, that his legal papers were not transferred to his present facility. (*See* Petr.'s 12/3/10 Affirmation.)

The court hereby directs respondent to ascertain the location of petitioner's legal papers and to forward them to petitioner at his present facility within 30 days of the date of this Order so that petitioner can consider those papers and decide whether he wishes to withdraw the instant petition. Petitioner's request to withdraw his petition is accordingly denied without prejudice to renew the request after petitioner has received and reviewed his legal papers. After reviewing his legal papers, petitioner must advise the court in writing within 60 days from the date of this Order whether he still wishes withdraw the petition or whether he intends to proceed with the petition by filing an affirmation as set forth below.[2] However, if petitioner fails to respond to this Order after 60 days, the petition shall be deemed withdrawn.

B. Exhaustion of "Direct Appeal Remedies"

It is unclear what "direct appeal remedies" petitioner is referring to in his December 3, 2010 letter to the court. Petitioner was convicted on October 4, 2006 in the Supreme Court of the State of New York, Queens County, of criminal possession of a controlled substance in the third and seventh degrees and sentenced to nine years imprisonment. (*See* Pet. at ¶¶ 1-5.) On November 12, 2008, the Appellate Division affirmed the conviction. (Pet. ¶ 9(a)-(d)); *People v. Vega*, 56 A.D.3d 578, 871 N.Y.S.2d 146 (2d Dep't 2008). On February 4, 2009 New York Court of Appeals denied leave to appeal, *People v. Vega*, 12 N.Y.3d 763, 904 N.E.2d 851, 876 N.Y.S.2d 714 (2009) (Table), and denied his request for reconsideration on April 14, 2009. *People v. Vega*, 12 N.Y.3d 822, 908 N.E.2d 938, 881 N.Y.S.2d 30 (2009) (Table). Based

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

on the foregoing, petitioner appears to have exhausted his direct appeal remedies.

If petitioner seeks to file a post-conviction motion challenging his conviction, the court notes that petitioner has already filed an application for a writ of *error coram nobis*, which was denied by the Second Department, *People v. Vega*, 70 A.D.3d 1057, 894 N.Y.S.2d 761 (2d Dep't 2010), as well as a petition for a writ of habeas corpus before this court. As set forth in this court's October 29, 2010 Memorandum and Order, the petition before this court appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") unless statutory or equitable tolling applies. (*See generally* Mem. and Order at 1-5.) Accordingly, if petitioner wishes to proceed with his petition before this court, he is again directed to file an affirmation setting forth, *inter alia*, the date he filed the application for a writ of *error coram nobis* and any other arguments suggesting that statutory or equitable tolling should apply to this petition.

Finally, petitioner is cautioned that, in the event that he is able to demonstrate that statutory or equitable tolling apply to render his petition timely-filed, if he decides to voluntarily withdraw his petition instead of moving for a stay of the petition, any subsequent petition challenging the same conviction may be time-barred based on AEDPA's one-year statute of limitations for the filing of a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Accordingly, in the event that petitioner is able to demonstrate that statutory or equitable tolling render his petition timely filed, petitioner shall consider the risk of withdrawing his petition, given that a subsequent petition may be time-barred under the one year statute of limitations under AEDPA.

## CONCLUSION

Accordingly, petitioner's request to withdraw the instant petition is denied without prejudice to renew the request pending the outcome of this Order that petitioner receive his legal papers.

The Clerk of the Court is respectfully requested to serve a copy of this Order on the Attorney General of the State of New York and the District Attorney for Queens County.

The respondent is directed to ascertain the location of petitioner's legal papers and to forward them to petitioner at his present facility within 30 days of this Order. The respondent shall file a letter via ECF informing the court when the papers have been forwarded to petitioner, and, if indicated in petitioner's state court records, the date on which petitioner moved before the New York Court of Appeals for reconsideration of its denial of leave to appeal, the date on which

petitioner filed an application for a *writ of corum nobis*, and the date on which petitioner moved for leave to appeal the denial of the writ of *error coram nobis*.

Within 60 days of the date of this Order, petitioner shall file an affirmation indicating whether he wishes to withdraw his petition. If petitioner does not seek to withdraw his petition, the affirmation must set forth the reasons why the petition should not be dismissed as time-barred as set forth in the court's October 29, 2010 Memorandum and Order. Specifically, the affirmation should include: (1) the date on which petitioner moved before the New York Court of Appeals for reconsideration of its denial of leave to appeal; (2) the date on which petitioner filed the writ of *error coram nobis* petition in the Appellate Division, Second Department; (3) the date on which petitioner moved for leave to appeal the denial of the writ of *error coram nobis* to the New York Court of Appeals; and (4) if applicable, any facts which would support equitable tolling of the period of limitations. Petitioner should include supporting documentation, where possible. Petitioner shall also indicate in his affirmation whether the 12/3/10 letter captioned "Civil Case – Vega v. New York City Police Officers, Queens County" was intended to be filed under docket number 08-CV-3804 and, if so, whether he still wishes to withdraw docket number 08-CV-3804.

All proceedings shall be stayed for a total of 60 days. If petitioner fails to respond to this Order within 60 days, the petition shall be deemed withdrawn.

The Clerk of the Court is respectfully requested to serve a copy of this Order and this court's Order dated October 29, 2010 on petitioner at his current address and to make a

notation of the service in the docket.

**SO ORDERED.**

Dated: January 11, 2011
      Brooklyn, New York

/S/
_____
KIYO A. MATSUMOTO
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

FERNANDO VEGA,

                Petitioner,

-against-

JOSEPH F. BELLNIER,

                Respondent.
_____X

**PETITIONER'S AFFIRMATION**

10-CV-4202 (KAM)

FERNANDO VEGA, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the court's Order dated January 11, 2011

A.    I have received copies of my legal papers and I am seeking to withdraw this petition because _____

_____

_____

**OR**

B.    I am not seeking to withdraw the petition. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

C  My letter dated December 3, 2010, captioned "Civil Case – Vega v. New York City Police Officers, Queens County," was intended to be filed under docket number _____.

I make the following requests (if any) as to docket number 08-CV-3804 _____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES AS NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed **[OR]** withdrawn **[OR]** _____.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code